UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Mason Tenders District Council of Greater New
York and Long Island.,

    Petitioner,

    —v—

Champion Electrical Mechanical Builder Corp.,

    Respondent.

18-CV-10821 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On November 19, 2018, Petitioners filed a petition to confirm an arbitration award and

supporting documentation. Dkt. No. 1. On November 21, 2018, the Court issued an order

requiring Petitioner to docket a certificate of service proving that Petitioner properly served

Respondent, requiring Respondent to serve any opposition to the petition by three weeks from

the date of service, and requiring Petitioners to serve a copy of the order on Respondent. *See*

Dkt. No. 6.

On January 3, 2019, Petitioner filed an affidavit of service confirming that the Petition,

Summons, Rule 7.1 Statement, and the Court's November 21, 2018 Order were served on

Respondent on December 14, 2018. Dkt. No. 10.

When Respondent did not file any opposition to the petition, the Court issued an order on

January 14, 2019, requiring Respondent to appear and file any opposition no later than January

25, 2019. Dkt. No. 11. The order put Respondent on notice that failure to file opposition by

January 14, 2019, would result in the Court deeming the petition to be fully briefed. *Id.* That

order was mailed to Respondent on January 14, 2019. Dkt. No. 13. Nonetheless, Respondent

1

has failed to oppose or otherwise respond to the petition and has not appeared in this action. Accordingly, the Court deems the petition fully submitted and unopposed, and the Court will now consider the motion to confirm the arbitration award. For the following reasons, the motion to confirm the arbitration award is GRANTED. The request for legal fees and costs is DENIED with leave to refile.

## I.    Standard of Review

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). "[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). "Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 75 (2d Cir. 1997).

When a petition to confirm an arbitration award is unopposed, "'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trustees of the UNITE*

2

*HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair*, 462 F.3d at 110). The Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II.  The Collective Bargaining Agreement

Petitioner has presented undisputed evidence that the underlying issues in this case were properly the subject of arbitration. Respondent was a signatory to the Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement, effective as of July 1, 2014. Pet. ¶ 6; *see* Dkt. No. 1, Ex. 2. By its terms, the Collective Bargaining Agreement ("CBA") renews each year unless either party gives written notice of its desire to terminate or modify the agreement. *Id.* The CBA sets forth various conditions of employment that must be followed by signatory employers. Relevant to the underlying arbitration are three such conditions. First, under Article III, Section 2 of the CBA, "[t]he second mason Tender on a job site shall be a Shop Steward appointed by the Union." Pet. ¶ 9; *see* Dkt. No. 1, Ex. 2. Second, the same section provides that "[c]ommencing with the third Mason Tender on a job site, 50% of all Mason Tenders shall be furnished and referred by the Union to the Employer from the roster of eligible laborers and 50% shall be selected by the Employer." *Id.* Third, Article VII, Section 16 requires employers to provide two days' extra pay to an affected worker in the event that "a salary check is not honored by the bank on which drawn for any reason." Dkt. No. 1, Ex. 2.

Article X of the CBA describes the resolution process for disputes arising between the parties as to the application of the agreement. Pet. ¶ 12; *see* Dkt. No. 1, Ex. 2. If a dispute is not

resolved between the employer and the Union through the grievance process, "the Union may appeal the dispute to arbitration by written notice to the Employer." Dkt. No. 1, Ex. 2. Under Article X, Section 1 of the CBA, "any decision of the arbitrator shall be final and binding upon the parties and shall be complied with by the Employer within five days of the issuance of the award." Pet. ¶ 12; Dkt. No. 1, Ex. 2.

Between June 2016 and July 2017, four CBA-related disputes arose between the parties in this case. First, Petitioner alleged that in June 2016, Respondent failed to employ a shop steward and failed to comply with the employer-union ratio requirement of Article III, Section 2 of the CBA. Pet. ¶ 13. The parties reached an agreement to settle the dispute for $1,719.52 in wages and $1,054.80 in benefits to be paid to a shop steward of Petitioner's choice, but the payment was never received. *Id.*, *see* Dkt. No. 1, Ex. 3. Second, Petitioner alleged that in July 2016, Respondent failed to pay waiting time to employee Douglas Farrell after his salary check bounced. Pet. ¶ 14. Respondent agreed to settle the dispute by paying Mr. Farrell $318.40 in wages and $214.32 in benefits, but, again, payment was not received. *Id.*, *see* Dkt. No. 1, Ex. 4. Third, Petitioner alleged that in June 2017, Respondent again failed to employ a shop steward at a job site. Pet. ¶ 15. The parties reached a settlement agreement for $1910,40 in wages and $1,367.52 in benefits, but the agreement was not executed. *Id.*, *see* Dkt. No. 1, Ex. 4. Fourth, petitioner alleged that in July 2017, Petitioner failed to pay waiting time to employee Tyrone Cobb after his salary check bounced. Pet. ¶ 16. Respondent agreed to pay Mr. Cobb $773.63 in wages and benefits and $15 for the bounced check fee. *Id.*, *see* Dkt. No. 1, Ex. 6 This agreement, too, was never executed. Pet. ¶ 16.

## III.  The Arbitration Award

On August 2, 2017, Petitioner submitted a "Notice of Intention to Arbitrate" to Respondent and the CBA-designated Arbitrator Joseph Harris. Pet. ¶ 17. Arbitrator Harris set an initial hearing date of October 17, 2017, but rescheduled to November 8, 2017, after Respondent indicated that it was unavailable on the earlier date. Pet. ¶ 18. On the day before the arbitration, in response to a reminder email, Respondent informed Petitioner that its President was hospitalized. Dkt. No. 1, Ex. 1. Arbitrator Harris stated that he would proceed with arbitration as scheduled unless Respondent provided proof of the hospitalization. *Id.* Respondent did not respond, nor did a representative from Respondent attend the proceeding. *Id.* On November 20, 2017, Arbitrator Harris rendered an award concluding that "[t]he Union presented sufficiently credible written evidence and oral testimony to show by a preponderance of the evidence that the Employer owes all of the moneys claimed by the Union" for violations of the four Grievance Settlements reached between the parties. *Id.* The Award directs Respondent to pay $8,481.43 total—$532.72 to Mr. Farrell, $1,896.47 to Mr. Cobb, and the remainder to the union local, Local 79. *Id.*

Having reviewed Petitioner's submissions with requisite deference to the arbitrator, the Court finds more than the required "barely colorable justification" for the arbitrator's award. *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797)). The grounds for the arbitrator's decision can be inferred from the record and are justifiable in light of what has been submitted. In other words, the undisputed facts in the record show that Petitioner is entitled to judgement as a matter of law. *See D.H. Blair*, 462 F.3d at 101. The Award is therefore confirmed in its entirety.

In addition, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). On the other hand, "[t]he decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *SEIU v. Stone Park Assocs., LLC*, 326 F.Supp.2d 550, 555 (S.D.N.Y. 2004). Here, Petitioner has not sought prejudgment interest, nor did the Award include a provision for such interest. Accordingly, the Court does not award prejudgment interest. Post-judgment interest will accrue at the statutory rate.

## IV. Attorney's Fees and Costs

Following the default arbitration proceeding, Petitioner paid Administrator Harris's fees in their entirety. Pet. ¶ 21. Petitioner now requests reimbursement of half of the arbitration costs, as well as "any legal costs incurred in confirming and enforcing the Award." Pet. ¶ 22.

Though Section 9 of the Federal Arbitration Act does not provide for recovery of attorney's fees, "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870(RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *see also First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997). Here, because Respondent has refused to abide by the arbitrator's decision "without justification," attorney's fees and costs may be proper. *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003).

However, Petitioner has not provided the information required to allow the Court to determine a reasonable fee. *See Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508(ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (In support of a request for attorney's fees, counsel must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.") (internal quotation marks omitted). Nor has Petitioner submitted records in support of its request for the Arbitrator's costs. As a result, Petitioner's request for fees and costs is denied without prejudice.

## V.    Conclusion

Petitioner's motion to confirm the arbitration award is GRANTED in part. For the reasons set forth above, Respondent owes Petitioner $8,481.43. Post-judgment interest will accrue at the statutory rate. Petitioner's request for costs and attorney's fees is DENIED with leave to refile. Any application for costs and attorney's fees must be filed on or before February 15, 2019.


SO ORDERED.

Dated: February ___, 2019
      New York, New York

_____
ALISON J. NATHAN
United States District Judge